NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0638n.06

Case No. 18-3494

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 26, 2018
DEBORAH S. HUNT, Clerk

PATY LETICIA MERIDA GALICIA DE      )
SAENZ; Y.P.S.M.,                    )
                                    )
        Petitioners,                )
                                    )
                                    )   ON PETITION FOR REVIEW
v.                                  )   FROM THE UNITED STATES
                                    )   BOARD OF IMMIGRATION
MATTHEW G. WHITAKER, Acting         )   APPEALS
Attorney General,                   )
                                    )
                                    )
        Respondent.                 )

BEFORE: SUTTON, GRIFFIN, and LARSEN, Circuit Judges.

SUTTON, Circuit Judge. Paty Leticia Merida Galicia de Saenz and her daughter, Y.P.S.M., contest the Board of Immigration Appeals' refusal to reopen their immigration proceedings. Because the Board did not abuse its discretion, we deny their petition for review.

Merida and her minor daughter are citizens of Guatemala. They entered the United States illegally in 2014. After the Department of Homeland Security initiated removal proceedings against them, they conceded their removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture. Merida said she had been robbed by gang members in Guatemala and feared returning home. Y.P.S.M.'s application relied solely on Merida's claims. The immigration judge denied their applications after a hearing. The next month, petitioners jointly filed a motion to reopen. For the first time, they alleged that Merida's brother-

in-law, Cesar, had sexually assaulted them both in 2012. They argued that this new evidence showed that they faced persecution as "female family member[s] of [Cesar]" and that Y.P.S.M. was at high risk due to "mental delays and/or epilepsy." A.R. 54. The immigration judge denied the motion, reasoning that Merida knew about the sexual assaults at the hearing and that petitioners in any event failed to prove their prima facie eligibility for asylum. The Board of Immigration Appeals agreed and dismissed petitioners' appeal.

We review the Board's decision as the final agency determination, looking to the immigration judge's opinion to the extent the Board adopted it. *Al-Saka v. Sessions*, 904 F.3d 427, 430 (6th Cir. 2018). We may reverse only if the Board abused its discretion by acting in a way that was "arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625–26 (6th Cir. 2004).

The Board may deny a motion to reopen immigration proceedings if, among other things: (1) the alien failed to establish a prima facie case for substantive relief, or (2) the alien failed to introduce material and previously unavailable evidence. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Trujillo Diaz v. Sessions*, 880 F.3d 244, 249 (6th Cir. 2018). In rejecting petitioners' motion, the Board and the immigration judge relied on both grounds.

Because the second ground suffices to reject this petition, we need not look any further. The Board may not grant a motion to reopen unless the alien presents material evidence that "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The only new evidence was the alleged sexual assaults in 2012. Merida acknowledged that she was aware of the sexual assaults at the time of the hearing, in 2017, but chose not to tell her attorney out of fear that her husband would find out. She instead told her attorney after the immigration judge denied her application. Because petitioners knew about this

evidence at the time of their hearing, the Board did not abuse its discretion in refusing to grant their motion to reopen. *See Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005). Regrettably for both applicants, that is just what the law requires.

Petitioners offer one argument to the contrary. They contend that the Eighth Amendment requires courts to excuse minors like Y.P.S.M. from the requirement of introducing previously unavailable material evidence when filing a motion to reopen. Removal from the United States is a form of punishment, they say, and principles of proportionality demand that children not be punished for their parents' failure to report information known to the parents at immigration hearings.

Two insurmountable obstacles meet this argument. The Eighth Amendment's prohibition against cruel and unusual punishments does not apply because "deportation does not constitute punishment." *Elia v. Gonzales*, 431 F.3d 268, 276 (6th Cir. 2005). Nothing in *Padilla v. Kentucky* changed that longstanding rule. 559 U.S. 356, 365 (2010) (finding that although "deportation is a particularly severe 'penalty,' . . . it is not, in a strict sense, a criminal sanction"); *see also Sunday v. Att'y Gen.*, 832 F.3d 211, 218–19 (3d Cir. 2016); *Hinds v. Lynch*, 790 F.3d 259, 266–68 (1st Cir. 2015).

The Board also acted within its discretion by denying the motion based on Merida's knowledge of the sexual assaults at the time of the hearing. Y.P.S.M. was a rider on Merida's application, and she moved to reopen the proceedings jointly with Merida. Under those circumstances, the Board's decision to rely on the lead applicant's admissions about the previous availability of new evidence was not "arbitrary, irrational or contrary to law."

We must deny the petition for review.